IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN C. DEMARIE,<br><br>Plaintiff,<br><br>vs.<br><br>REGINALD MICHAEL, LYNN GUYER, JAMES SALMONSEN, CHRISTINE KLANECKY, and PETER BLUDWORTH,<br><br>Defendants. | CV-21-0008-H-SEH<br><br><br>ORDER |

Plaintiff Darren C. DeMarie, proceeding in forma pauperis and without counsel, brought suit alleging constitutional violations associated with his incarceration.[1] The Complaint fails to state a claim for federal relief.

## STATEMENT OF THE CASE

DeMarie is a state prisoner incarcerated at Crossroads Correctional Center. The violations alleged are claimed to have occurred both Crossroads and Montana State Prison ("MSP").[2]

DeMarie alleges Defendants violated his rights when they transferred him without due process, confiscated some of his property, and on February 12, 2019,

---

[1] Doc. 2.
[2] Doc. 2 at 2.

1

disciplined him excessively without evidence.[3] He also claims he was held in a high security unit for 37 days without a disciplinary infraction report ("DIR"), hearing, or finding of guilt and that after his return to a lower security level, he lost his prison job and was unable to get a new one.[4]

DeMarie claims that he filed a grievance for the property loss and that, in retaliation for his use of the grievance process, he was placed in pre-hearing confinement for failure to follow prison policy and for planning to escape.[5] He also asserts that a hearing on the failure to follow prison policy and escape plan charges was held;[6] that an infraction was found and detention was ordered for longer than the sentence announced at the hearing;[7] that he remained in maximum security for a year, and failed to achieve parole in February 2020.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

The Court will review DeMarie's Complaint under 28 U.S.C. §§ 1915 and 1915A, which require the Court to dismiss the complaint in this case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. It must be dismissed.

---

[3] Doc. 2.
[4] Doc. 2 at 5.
[5] Doc. 2 at 7.
[6] Doc. 2 at 9.
[7] Doc. 2 at 11.

2

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[8] The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] The allegations must cross "the line from conceivable to plausible."[10] A two-step procedure determines whether a complaint's allegations cross the proscribed line.[11] First, "allegations in the complaint that are not entitled to the assumption of truth"[12] must be identified. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.[13] The line between probability and the possibility of relief is not crossed if the facts pled are merely consistent with a defendant's liability.[14]

Pro se filings are "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[15] The Court must also determine whether the

---

[8] Fed. R. Civ. P. 8(a)(2).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[10] *Iqbal*, 556 U.S. at 680.
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Iqbal*, 556 U.S. 662.
[12] *Iqbal*, 556 U.S. at 679, 680.
[13] *Iqbal*, 556 U.S. at 679, 681.
[14] *Iqbal*, 556 U.S. at 678.
[15] *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

complaint states a "plausible" claim for relief.[16] A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

## ANALYSIS

The Complaint in this case does not assert claims upon which relief can be granted. Plaintiff has failed to allege any hardship that is not simply a predictable aspect of incarceration. The conditions of his disciplinary confinement, "do not rise to the level of the "extreme deprivation[ ] ... required to make out a conditions-of-confinement claim" under the Eighth Amendment.[18]

Plaintiff refers to various persons, not named as defendants, as "proxy agents" of other people. Section 1983 imposes individual liability upon state actors only if their personal conduct violates a plaintiff's constitutional rights.[19] "A [named] defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[20]

---

[16] *Iqbal*, 556 U.S. at 679.
[17] *Iqbal*, 556 U.S. at 678.
[18] *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992).
[19] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).
[20] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

4

A plaintiff, to expose 1983 liability on a supervisor, must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes.[21] Allegations against supervisors that are "bald" and "conclusory" only, must be dismissed.[22]

DeMarie has failed to allege sufficient facts to plausibly establish that any of the named defendants had "'knowledge of' and 'acquiescence in' [] unconstitutional conduct of his subordinates."[23]

**ORDERED:**

1. This matter is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 1st day of July, 2021.

Sam E. Haddon
United States District Court Judge

---

[21] *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (citing *Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)).
[22] *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).
[23] *Hydrick*, 669 F.3d at 942 (citing *Starr*, 652 F.3d at 1206–07).